**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Emmanuel M. SILVINO, Defendant–Appellant.**

No. 00–10402.

D.C. No. CR–00–00013–ARM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001 *.

Decided Oct. 23, 2001.

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

Emmanuel Silvino appeals the conviction and 51–month sentence imposed following his guilty-plea to health care fraud under 18 U.S.C. § 1347. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.[1]

Silvino contends the district court erred by enhancing his sentencing range two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1 and for not exercising its discretion to depart downward based on Silvino's family and community ties.

■ Prior to sentencing, Silvino sent a letter to the probation officer denying any guilt and inculpating his wife and deceased sister-in-law. Based on this letter and the court's determination that Silvino "con-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We reject the government's argument that we lack jurisdiction to consider this appeal because Silvino waived his statutory right to appeal his sentence in the plea agreement. Based upon our review of the record, we disagree because although Silvino's plea agreement contained a waiver of the right to appeal, the district court's statements at the sentencing hearing give this court jurisdiction to hear this appeal. *See United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995) (stating that where government does not object to sentencing court's clear statements of defendant's right to appeal, defendant could have a reasonable expectation that he could appeal sentence and any waiver is therefore not enforceable).

sciously lie[d] to diminish his responsibility," the district court applied a two-level enhancement for obstruction of justice. Reviewing de novo, we do not find the application of the enhancement clearly erroneous. *See United States v. Tidwell*, 191 F.3d 976, 982 (9th Cir.1999).

Finally, Silvino contends the district court erroneously determined that it lacked authority to depart downward based on Silvino's family and community ties. We have jurisdiction to review the district court's conclusion that it lacked the authority to depart on a particular basis. *United States v. Rodriguez–Lopez*, 198 F.3d 773, 775 (9th Cir.1999).

 The district court at sentencing clearly stated, "[g]uideline 5H1.6 does not allow the court to consider the [e]ffect on a family....I cannot do it. I do not have the discretion." Because the district court has discretion to depart on any basis not foreclosed by the Guidelines, this conclusion was clearly erroneous. *Rodriguez–Lopez.*, 198 F.3d at 776; *United States v. Aguirre*, 214 F.3d 1122, 1127 (9th Cir.2000) (concluding that district court retains discretion to depart for extraordinary family circumstances). Given the record currently before us, the error was not harmless and we vacate and remand for the sole purpose of allowing the district court to determine whether it wishes to exercise its discretion to depart. *Rodriguez–Lopez*, 198 F.3d at 778.

AFFIRMED in part, VACATED and REMANDED in part.